IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|     Respondent/Plaintiff, ) | |
| vs. ) | No. 3:03-CR-0329-G (07) |
| ) | No. 3:05-CV-0631-G (BH) |
| GILBERTO VARGAS, ) | ECF |
| ID # 27790-179, ) | Referred to U.S. Magistrate Judge |
|     Movant/Defendant. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

## I. BACKGROUND

**A. Nature of the Case**

Movant, an inmate currently incarcerated in the federal prison system, filed this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. The respondent is the United States of America (government).

**B. Procedural History**

On November 5, 2003, a grand jury indicted movant for conspiracy to distribute drugs in violation of 21 U.S.C. § 846 and money laundering in violation of 18 U.S.C. § 1956(h). On January 6, 2004, movant pled guilty to the money laundering charge. On June 8, 2004, the Court held a sentencing hearing during which it sentenced movant to seventy-eight months imprisonment; it entered judgment on June 10, 2004. Movant filed no appeal.

On March 29, 2005, the Court received the instant *pro se* motion to vacate wherein movant asserts that (1) his attorney rendered ineffective assistance at sentencing by not objecting to the base offense level set for his offense; (2) the Court unconstitutionally increased his sentence in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005); and (3) his attorney rendered ineffective assistance by not requesting a sentence reduction pursuant to USSG § 3B1.2.

In its response to the motion to vacate, the government argues that movant waived his second claim by pleading guilty and that the claim is not cognizable on collateral review in any event. It claims that the ineffective assistance of counsel claims have no merit. Movant filed a reply brief in which he argues that he did not waive his second claim, the claim is cognizable in this action, and that his claims have merit.

## II.  INEFFECTIVE ASSISTANCE OF COUNSEL

In his first and third claims, movant argues that his attorney rendered ineffective assistance at sentencing. To successfully state a claim of ineffective assistance of counsel, the prisoner must demonstrate (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced his or her defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). A failure to establish either prong of this test requires a finding that counsel's performance was constitutionally effective. *See id.* at 696. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000). To determine whether counsel's performance is constitutionally deficient courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. Further, "[t]he reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691.

To establish prejudice under *Strickland*, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. In the case of ineffective assistance at sentencing, prejudice is established if the movant demonstrates that his sentence was increased by the deficient performance of his attorney. *Glover v. United States*, 531 U.S. 198, 200, 203-04 (2001). In other words, the movant must show that counsel's deficiencies created a reasonable probability that his sentence would have been less harsh. *See id.* Movants must "affirmatively prove prejudice." *Strickland*, 466 U.S. at 693. Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent the alleged errors of counsel. *Id.* at 695-96.

Movant complains that his attorney (1) failed to object to his sentence on grounds that the Court utilized an incorrect base offense level and (2) failed to request a sentencing reduction warranted by USSG § 3B1.2. Movant, however, signed a factual resume wherein he admitted to participating in a conspiracy

> to transport and attempt to transport monetary instruments from a place in the United States to a place outside the United States with the intent to promote the carrying on of specified unlawful activity in violation of 18 U.S.C. § 1956(a)(2)(A); and knowing that the monetary instruments involved in the transportation represent the proceeds of some form of unlawful activity and knowing that the transportation is designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(2)(B)(i).

(*See* Factual Resume at 3.) The specified unlawful activity was a conspiracy to distribute approximately 2,000 kilograms of marijuana. (*Id.* at 2.) Movant also admitted that, "[i]f the shipments of money stopped, the loads of marijuana would likewise stop and therefore the shipment of drug

3

proceeds promoted the underlying drug trafficking activities of marijuana distribution." (*Id.*) He further admitted that he "was heavily involved in the transportation of drug proceeds back to Mexico." (*Id.*)  In light of the facts set forth in this factual resume, the Court considers the claims of deficient representation.

A. <u>Failure to Object</u>

In his first claim, movant argues that his attorney rendered ineffective assistance when he failed to object to the Court's calculation of his base offense level under USSG § 2S1.1(a)(1) because the Court should have applied § 2S1.1(a)(2). In its response to the motion, the government argues that § 2S1.1(a)(1) provides the proper provision for determining the base offense level because movant admitted in his factual resume that the laundered funds were derived from drug trafficking activities.  In his reply brief, movant argues that his attorney should have objected to the calculated base offense level, even assuming that § 2S1.1(a)(1) provides the proper starting point, because the Court erroneously calculated the offense level under that subsection.  He argues that the record shows a drug conspiracy involving $432,000 worth of marijuana, which equates to 1,440 pounds or 600 kilograms of marijuana, and thus the Court erroneously calculated his base offense level as 32 instead of 24.

In this case, the Court applied USSG § 2S1.1(a)(1) to determine the base offense level for the offense to which movant pled guilty.  Section 2S1.1(a) provides:

> (1) The offense level for the underlying offense from which the laundered funds were derived, if (A) the defendant committed the underlying offense (or would be accountable for the underlying offense under subsection (a)(1)(A) of § 1B1.3 (Relevant Conduct)); and (B) the offense level for that offense can be determined; or

4

(2) 8 plus the number of offense levels from the table in § 2B1.1 (Theft, Property Destruction, and Fraud) corresponding to the value of the laundered funds, otherwise.

In light of the factual resume signed by movant, § 2S1.1(a)(1) provides the proper starting point for determining movant's base offense level. Movant specifically admitted as part of his factual resume that he was involved in the transportation of drug proceeds to Mexico, and that the shipment of such proceeds promoted the underlying drug trafficking activities. Such admission is sufficient to satisfy the first condition of § 2S1.1(a)(1). *See United States v. Charon*, 442 F.3d 881, 888 (5th Cir.), *cert. denied*, 127 S. Ct. 260 (2006). "The second condition to § 2S1.1(a)(1) is also satisfied because the offense level for [drug] distribution can be determined by using the drug quantity table in § 2D1.1(c)." *Id.*

Furthermore, although movant argues that the calculation under § 2S1.1(a)(1) should have resulted in a base offense level of 24, movant specifically stipulated that the underlying drug trafficking activity involved approximately 2,000 kilograms of marijuana. Under § 2D1.1(c), that amount of marijuana results in a base offense level of 32. Movant argues for a base offense level of 24 based upon a paragraph of the factual resume which describes movant's involvement with the transport of $432,000 in drug proceeds. The factual resume, however, clearly reflects that such description is merely an "example" of movant's involvement in the transportation of drug proceeds. Such example does not eliminate his concession that the underlying drug trafficking activity involved approximately 2,000 kilograms of marijuana.

For the foregoing reasons the Court properly applied § 2S1.1(a)(1) rather than § 2S1.1(a)(2) and properly determined a base offense level of 32 based upon the quantity of drugs involved in the underlying drug trafficking activity. Counsel had no basis to object to the Court's calculation of

5

movant's base offense level. Consequently, the failure to object does not constitute deficient representation. *See Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994) ("Failure to raise meritless objections is not ineffective lawyering; it is the very opposite.") In the absence of a deficiency of counsel, Claim 1 necessarily fails.

**B. Failure to Request Sentencing Reduction**

In his third claim, movant alleges that his attorney rendered ineffective assistance when he failed to request a sentencing reduction pursuant to USSG § 3B1.2. He contends that he is entitled to a sentence reduction because he was a "minimal" or "minor" participant within the meaning of § 3B1.2.

Section 3B1.2(a) provides for a four-level decrease in offense level, "[i]f the defendant was a minimal participant in any criminal activity." Subparagraph (b) provides for a two-level decrease for a "minor participant." As set forth in the application notes, a "minimal participant" is one who is "plainly among the least culpable of those involved in the conduct of a group", and a "minor participant" is one "who is less culpable than most other participants, but whose role could not be described as minimal."

In light of the factual resume signed by movant, § 3B1.2 provides no basis to reduce movant's sentence. By his own admission, movant concedes that he was "heavily involved in the transportation of drug proceeds back to Mexico." He further concedes that the cash transportation was an essential aspect of the underlying drug trafficking activity – in the absence of the cash shipments, the drug shipments would stop. Under these facts, movant does not qualify as a minor or minimal participant. With respect to the money laundering offense, movant was certainly no minor or minimal participant. Additionally, even with respect to the underlying drug trafficking activity,

movant's level of participation appears to be more than minor or minimal. *See United States v. Gonzalez*, 363 F.3d 15, 18-19 (1st Cir. 2004) (recognizing that even if defendant's "role were limited to that of driver, that would not necessarily, without more, prove that he deserved a role adjustment"). Movant has the burden to show "that his role in the offense was minimal or minor." *United States v. De Jesus-Batres*, 410 F.3d 154, 163 (5th Cir. 2005), *cert. denied*, 126 S. Ct. 1020 (2006), *and cert. denied*, 126 S. Ct. 1021 (2006), *and cert. denied*, 126 S. Ct. 1022 (2006). He has failed to carry that burden. In light of the facts before it, the Court finds no basis to find counsel deficient for failing to request a reduction in sentence due to movant's role.

Even if the Court were to find that counsel's failure to request a § 3B1.2 sentence reduction constitutes deficient representation, the Court finds no prejudice to movant. Had counsel requested such reduction on the facts of this case, the Court would have denied the request. Consequently, there is no reasonable probability that movant would have received a less harsh sentence had his attorney requested a reduction under § 3B1.2.

For the foregoing reasons, Claim 3 entitles movant to no relief in this action.

### III.  *APPRENDI, BLAKELY,* OR *BOOKER* CLAIM

Movant bases his second claim on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005). As argued by respondent, however, this claim is not cognizable on collateral review. *See United States v. Turner*, Nos. 4:00-CR-260-Y, 4:04-CV-346-Y, 2007 WL 636336, at *5 (N.D. Tex. Mar. 2, 2007) (relying on *United States v. Gentry*, 432 F.3d 600, 601 (5th Cir. 2005) and *In re Elwood*, 408 F.3d 211, 213 (5th Cir. 2005)). Such claim thus provides no basis for relief in this § 2255 action, and the Court need not determine whether movant waived the claim by pleading guilty.

## IV. EVIDENTIARY HEARING

Upon review of the motion to vacate and the files and records of this case, an evidentiary hearing appears unnecessary. No evidentiary hearing is required, when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. In this instance, the matters reviewed by the Court conclusively show that movant is entitled to no relief.

## V. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DENY** the Motion to Vacate, Set Aside, or Correct Sentence brought pursuant to 28 U.S.C. § 2255 with prejudice.

**SIGNED this 26th day of July, 2007.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE